IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-------------------------------X
JUSTIN ANTHONY LOWE ALSO KNOWN  :
AS JUSTIN LOWE BY HIM;          : CASE NO.:
                                :
Plaintiff,                      :  PLAINTIFF DEMANDS TRIAL
                                :
                                :  BY JURY
          -vs.-                 :
                                :
FIRSTBANK PUERTO RICO;          :
DOÑA FELA, LLC;                 :
X Y AND Z INSURANCE COMPANIES;  :
ROBERT DOE, MARY DOE, JOHN DOE, :
MARK DOE, JOE DOE AND CLARK DOE :
                                :
Defendants,                     :
-------------------------------X
```

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW,** plaintiff through his undersigned attorney and very respectfully state, allege and pray:

## I. FEDERAL JURISDICTION AND VENUE

1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 over state law claims under Articles 1540, 1539, and 1536 of the Civil Code of Puerto Rico of 2020; in that there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, which exceeds $75,000 Dollars.

1

1.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that the events giving rise to the claim arose in this District.

## II. PARTIES

2.    Plaintiff, Justin Anthony Lowe also known as Justin Lowe by him is a citizen of the State of Florida, residing and with intention to live at Palm Harbor, Florida. At the time this complaint is filed plaintiff has the intention to have his domicile and citizenship within the State of Florida.

3.    Defendant, Firstbank Puerto Rico, is a legal entity organized under the laws and with its principal place of business in the Commonwealth of Puerto Rico.

4.    Defendant, Doña FELA, LLC is a legal entity organized under the laws of Puerto Rico, and with its principal place of business in the Commonwealth of Puerto Rico.

6.    Defendants, X, Y Z INSURANCE COMPANIES are the fictitious name of the insurance's company whose place of business is in a state or foreign country other than the State of Florida. They had at all relevant time an insurance's policy to cover the damages alleged in the Complaint. It is designated with these names because their  true identity is not known at the present time.

2

7.    Defendants, Robert Doe and Mary Doe; are citizens of the United States but residents of a state other than the State of Florida. They are designated with these names because their true identities are not known at the present time because they are spouses and conjugal partnerships constituted with any of the defendants.

8.    Defendants, John and Mark Doe are citizens of the United States but residents of a state other than the State of Florida. They are designated with these names because their true identities are not known at the present time.

9.    Defendants, Joe DOE and Clark Doe are corporations organized under the laws and with their principal place of business in a state other than the State of Florida. They are designated with these names because their true identities are not known at the present time.

### III. FACTS

10.  Defendants, Firstbank and/or Doña Fela, LLC (hereinafter referred to as "Defendant(s)") owned, managed, operated, maintained, and/or controlled an area between Galeria Paseo Portuario and Doña Fela Parking in Old San Juan.

11.  On December 20, 2020, Plaintiff was walking through the area between the two buildings, Galeria Paseo Portuario and Doña

Fela Parking, when he slipped and fell in an area that was very slippery. The area of the accident was paved with water accumulated on top; and it had very small plants and/or slime on top of the paved floor. The pave floor was green looking in the area of the slipped and fell. The water had a green color. The slime and/or the very small plants covered with water have been there since a long period of time. The paved floor was very slippery during weeks and/or months.

12. Defendants financially benefited from the operation and/or ownership of Galeria Paseo Portuario and Doña Fela Parking.

13. At all time, Plaintiff was lawfully at the real estate property owned by Defendant(s).

14. No warning sign was placed in the area of the accident, stating that the paved floor was slippery.

15. Defendant had knowledge or should have known that the paved floor was wet and very slippery; because the slime and/or the very small plants covered with water have been there since a very long period of time.

16. Plaintiff then injured his back due to the slip and fall at the area between Galeria Paseo Portuario and Doña Fela Parking. He suffered serious, painful, and permanent injuries.

17. Plaintiff after his accident went to hospitals and doctors in order to receive medical attention.

18.   Upon information and belief, defendants by conduct of their employees failed to clean, and maintain, the subject wet floor with slime, or otherwise ensure that it was in a reasonably safe condition for use by its guests or invitee. Employees or agents of the defendants have walked through or near the area of the accident when it was wet and with smile. The wet floor was unreasonably dangerous or unsafe. Defendants knew or should have known of the dangerous or unsafe condition.

19.   At all times, material hereto Defendants owed a duty to maintain its premises, including the floor, in a reasonably safe condition, to correct any dangerous conditions that knew or should have reasonable known of through the use of reasonable care, and to warn of any dangerous conditions that Defendants knew or should have known of and which were not apparent to Plaintiff.

Defendants breached the aforementioned duties by:

   a.   Negligently failing to maintain the floor in order to eliminate the dangerous or hazardous condition.

   b.   Negligently inspecting the slippery wet floor and failed to identify the potential hazards or problems, because it was foreseeable that the slippery wet floor with slime could cause to Plaintiff an injury.

   c.   Negligently failing to develop inspection and maintenance protocol in order to identify the slippery wet floor with slime, thereby allowing same to become unsafe.

   d.   Negligently failing to warn plaintiff regarding the wet slippery floor and the

slime, when Defendants knew or should have known it was dangerous to do so.

e.    Failing to exercise due care with respect to matters alleged in this Complaint.

20.   Furthermore, **plaintiff made an extrajudicial claim to Firstbank Puerto Rico and performed diligences on December 17, 2021 in order to request the identities, names, and the address of any other owner(s(, operator(s), maintenance legal entities or person(s)** that could be liable to the plaintiff. Furthermore on that same date, plaintiff requested the **names of insurance companies** that could be liable to the plaintiff, due to the negligence of the owners, operators, and the legal entities or persons in charge of the maintenance.

## V. DAMAGES

21.   As a direct and proximate result, of the negligence of Defendants, Plaintiff, Justin Lowe, suffered bodily injury and resulting pain and suffering, disability, impairment, loss of capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. Plaintiff has received more than 10 therapies in his back; and will have a surgery very soon in his back. The losses

are either permanent in nature or continuing and the Plaintiff
will suffer the losses in the future. The injury consists in whole
or in part of significant and permanent loss of an important bodily
function in his back, and a permanent injury within a reasonable
degree of medical probability, and/or significant permanent
scarring or disfigurement. Plaintiff is claiming his permanent
impairment and/or impediment that his has develop in his back.
Plaintiff is claiming his loss of income and/or future loss of
income because he has not been capable of working since the
accident. During the last year he has lost more than twenty-three
thousand dollars in income, and his claiming future loss of income
also. Furthermore, plaintiff has suffered continuous emotional
damages, pain and suffering damages during the whole year after
the accident. He has suffered pain in his back every day since the
accident, and will continue. Plaintiff claims for all those damages
the amount of five million dollars($5,000,00.00).


## VI. CAUSES OF ACTION


22. The First Circuit of Boston in the case of Vázquez-
Filippetti, vs Banco Popular, 504 F3d 43, 50(2007); states:


"Torres, 233 F.Supp.2d at 278(internal citations
omitted). **Cases premised on the existence of a dangerous
condition often arise from a slip and fall, caused by a
wet or slippery floor,** and involve a claim that the
business owner was negligent in permitting the condition

to remain **because it is foreseeable that a wet floor is likely to cause injury…."**

23.   The slippery wet floor establishes that it was foreseeable the accident of Justin Lowe. Those facts stated before establish the breach of duty, the proximate or adequate cause of Justin Lowe's accident. Those facts established liability under articles 1540, 1539, and 1536 of the Civil Code of Puerto Rico of 2020. In *the case of Padro vs. Costco Wholesale Corp., 2007 WL 630095, at page 1-2(2007); it states that Costco was negligent due to omission, including within the period of 4 minutes, in order to prevent the fall of Padro when an employee was within 25 feet from the area of the accident. Four minutes before someone vomit the floor.*

24.   In Arthur Jiménez v. Desarrolladora del Norte S en C, S.E., 2010 WL 3087497, at pages 3-4, in a slip copy of the U.S. District Court for the District of Puerto Rico; states:

> "….Thus, in order to prevail in a general tort claim under Puerto Rico law, a party must establish the following elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." *Vazquez-Filippetti v. Banco Popular de Puerto Rico,* 504 F.3d 43, 49 (1st. Cir. 2007) (*citing Torres v. Kmart Corp.* 233 F.Supp.2d 273, 277-78(D.P.R.2002)).
>
> ………..

8

‘As is true in most jurisdictions, foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause’. *Vazquez-Filippetti v. Banco Popular de Puerto Rico,* 504 F.3d 43, 49 (1st Cir.2007)(internal citations omitted). *See also Marshall v. Perez-Arzuaga,* 828 F.2d 845, 847 (1st Cir. 1987). .............................. *4 "[Proximate cause is also defined in terms of foreseeability." *Malavé-Félix v. Volvo Car Corp.,* 946 F.2d 967, 971 (1st Cir. 1991). "Once a plaintiff has demonstrated that the defendant was negligent (meaning that the defendant breached its duty of care), [he/she] must then demonstrate that the defendant's negligence was the proximate cause of her injuries." *Vazquez-Filippetti,* 504 F.3d at 49n. 6. "A defendant's actions may only be the proximate cause of a plaintiff's injuries if they in fact caused the injuries and the defendant could have reasonably foreseen that the injuries (or related harms) would result from his actions." *Id.* (internal citations omitted).

"In particular, claims based on allegedly dangerous conditions on commercial property ("premises liability claims") require a showing that the defendant knew of or should have foreseen the risks created by the condition." *Id.* at 50.

…………………………………..
…………………………………..
…………………………………..

(in slip and fall cases under Puerto Rico law, liability attaches to the owner of a business when the dangerous condition was known or should have been known to the owner)."

25.  Edward F. Kaden v. Wyndham El Conquistador Resort & Country Club, 2005 WL 1949694, at page 6, not reported in F.Sup.2d, U.S. District Court, District of Puerto Rico; states:

‘"In Puerto Rico, an owner of a commercial establishment is potentially liable for all

injuries occurring in areas where it has retained control." *Bou Maldonado,* 2001 WL 1636768, at *3 (*citing Cotto v. C.M. Insurance Co.*, 116 D.P.R. 644 (1985); *Aponte Betancourt v. Melendez,* 87 D.P.R. 619 (1963); *Goose v. Hilton Hotels,* 79 D.P.R. 494 (1956)). …….

This duty of care requires that commercial establishments "take the necessary precautions or … adopt the necessary security measures to preserve the safety of their costumer." *Bou Maldonado,* 2001 WL 1636768, at *3. Nevertheless, commercial establishments are not "liable for events that cannot be foreseen, or for those that, having been foreseen, are inevitable." *Id.* In sum, plaintiffs must prove that the injury was reasonably foreseeable and that it could have been avoided had defendant acted with care. *See Woods-Leber,* 124 F.3d at 51."

26.  In Isabelita Mas, v. United States of America, 984 F.2d 527, 529-530 (1st Cir. 1993); states:

"……the Court incorporated language of actual and constructive knowledge in its opinion in *Cotto v. Consolidated Mutual Insurance Co.,* 116 D.P.R. 644 (1985). ………………………..
………………………..
As we find *Cotto* to reflect the current state of the law in Puerto Rico, we agree with the district court on the result of this case. Section 5141 requires, as an element, an affirmative showing by the plaintiff that the defendant was negligent. This showing, in turn, requires a demonstration that the defendant has either actual or constructive knowledge or a dangerous condition….."

27.  In the case of Carr vs. Puerto Rico Ports Authority, 2011 WL 1484158 (2011 D Puerto Rico)in a slip copy, at page 4; states that in "Ramos v. Wal-Mart, 165 PR. Dec. 510(2005)(safety

sweep in which employees patrol store aisles every fifteen minutes to detect and address spills and other dangerous conditions found to be reasonable measure to preclude tort liability for fall that happened within the fifteen minute range)." Defendants breach this legal duty.

28. The case of Vazquez-Filippetti vs. Banco Popular, supra,(1st Cir.) page 50; states that cases premised on the existence of a dangerous condition often arise from a **slipped and fall caused by a wet or slippery floor** and involve a claim that the business owner was negligent in permitting the condition likely to cause injury. Similar claims include stairways railings in despair, burned out exterior or security lights in a dangerous area, and unsturdy or unstable floors. T**he typical tort claim involves the generic reasonably prudent person standard of care, and requires the plaintiff to present no evidence about the defendant's duty.** This legal duty was breach by defendants.

29. The case of García vs. United States, 734 F.3d 100, 103(1st Cir 2013); the **Honorable First Circuit Court in a slip and fall case** stated that for pleading purposes, **circumstantial evidence often suffices to clarify a protean issue."** The Federal First Circuit Court of Boston continues stating at page 103 that:

> "….**the complaint averred that there was a dangerous condition at the Fort Buchanan commissary; described that condition and attributed it to the government's negligence; and linked the condition to the appellant's ensuing injuries. Read holistically, we think that these**

11

**allegations are sufficient to withstand the government's Rule 12(b)(6) motion to dismiss. Common sense suggests that the existence of a dangerous condition, not hidden from view, in a public area controlled by the defendant, supports a plausible inference that the defendant had actual or constructive knowledge of the condition."**

30.  In the case of Carr vs. Puerto Rico Ports Authority, 2011 WL 1484158 (2011 D Puerto Rico)in a slip copy, at page 4; states that in "Ramos v. Wal-Mart, 165 PR. Dec. 510(2005)(safety sweep in which employees patrol store aisles every fifteen minutes to detect and address spills and **other dangerous conditions found to be reasonable measure to preclude tort liability for fall that happened within the fifteen minute range).**" The First Circuit of Boston in the case of Vázquez-Filippetti, vs Banco Popular, 504 F3d 43, 50(2007); states:

> "Torres, 233 F.Supp.2d at 278(internal citations omitted). Cases premised on the existence of a **dangerous condition often arise from a slip and fall, caused by a wet or slippery floor,** and involve a claim that the business owner was negligent in permitting the condition to remain **because it is foreseeable that a wet floor is likely to cause injury**. Similar claims include stairway railings in disrepair, burned-out exterior or security lights in a dangerous area, and unsturdy or unstable floors. **In any of these circumstances, the property itself, if it were in pristine condition, would be safe, but some act or omission by the owner has created dangers or risks to the property's visitors.**
> ………………**Whereas a typical tort claim involves the generic 'reasonably prudent person' standard of care (or duty) and REQUIRES THE PLAINTIFF TO PRESENT NO EVIDENCE ABOUT THE DEFENDANT'S DUTY, a plaintiff in a design case must present evidence as to specific 'S DUTY or standard of care applicable to the design of a product or property at issue."**

31.  In Vázquez-Filippetti, vs Banco Popular, supra, at footnote 7; expresses:

> "In Ramírez Pomales v. Becton Dickinson & Co., the district court noted that 'proof of duty' is not required to state a claim for negligence, 649 F.Supp. 913, 917 n.7 (D.P.R. 1986). Aff'n 839 F.2d 1(1st Cir. 1988), because law assumes that every man owes to his fellow creatures that degree of care and vigilance as will enable him to enjoy his life with safety…... the obligation to pay damages for wrongful act flows …….. for the lack of prudence or diligence which is normally due in the ambit of human coexistence, id. (quoting Perez Escolar v. Collado, 90 P.R.R. 785, 788-90(1969)."

32.  In the case of Marquez v. Casa de España de Puerto Rico, 59 F.Supp.3d 409, 414 **at footnote 1**(D. Puerto Rico 2014); expresses:

> "**it is the failure to correct, in the exercise of due care, a known hazardous condition** or one of which the [property owner], in the exercise of due care, should be aware, **or the failure to effectively warn invitees of its presence**, that constitutes fault or negligence."

Defendants breached this duty in this case.

33.  Pursuant to the Puerto Rico Insurance Code a casualty or liability insurance carrier, is independently liable in a direct action to the plaintiff, for any negligence or fault or condition insured against, up to the merits of liability of the insurance contract.

34.  Plaintiff demands jury trial.

**WHEREFORE,** plaintiff respectfully requests that judgment be granted in the favor of him, and against the Defendants jointly and severally as follows:

(a) Five Million ($5,000,000.00) Dollars;

(b) Awarding costs, disbursements and attorney's fees to Plaintiff; and

(c) Such other relief as this Court may deem just and proper.

In San Juan, Puerto Rico, this 18th day of December, 2021.

```
                    s/Glenn Carl James
                    Glenn Carl James
                    USDC- 207,706
                    JAMES LAW OFFICES
                    PMB 501
                    1353 Ave. Luis Vigoreaux
                    GUAYNABO, PR 00966-2700
                    Tel. (787)616-2885
                    E-mail:
                    glenncarljameslawoffices@gmail.com
```